DRUMMOND, Com'r of Public Charities, v. ZUCKER.

(Supreme Court, Appellate Division, First Department. July 10, 1913.)

BASTARDS (§ 65*)—FILIATION PROCEEDINGS—SUFFICIENCY OF EVIDENCE.

Evidence in a filiation proceeding to require defendant to pay certain amounts for the support of the mother of a bastard child during confinement and for the support of the child *held* not sufficient to sustain a' finding that the defendant was the father of the child.

[Ed. Note.—For other cases, see Bastards, Cent. Dig. §§ 154, 175–177; Dec. Dig. § 65.*]

Appeal from Trial Term, New York County.

Filiation proceeding by Michael J. Drummond, as Commissioner of Public Charities of the City of New York, on complaint of Dora Simpson, against Barnett Zucker. From an order of filiation, defendant appeals. Reversed, and defendant discharged.

Argued before INGRAHAM, P. J., and McLAUGHLIN, CLARKE, DOWLING, and HOTCHKISS, JJ.

David Michelsohn, of New York City, for appellant.
Terence Farley, of New York City, for respondent.

PER CURIAM. This appeal is from an order adjudging defendant to be the father of a child about to be born a bastard, directing him to pay $2.50 a week after the birth of the child for its support, and $10 for the support of the mother during her confinement, and to give a bond in the penal sum of $250 to secure such payments.

We are of the opinion that the order should be reversed and the appellant discharged. The testimony of the mother of the child about to be born is substantially uncorroborated. It is contradictory, and so contradictory as to render it unworthy of belief, especially when read in the light of her previous history. She is 23 years of age, and admits having had two other children, though she has never been married. Appellant's testimony, on the other hand, is corroborated in many respects by other witnesses, which, taken in connection with the other facts proved as to the situation and relation of the parties at the time of defendant's alleged misconduct, satisfies us that he is not the father of the child, and that the finding to that effect is against the evidence.

The order appealed from therefore is reversed, with $10 costs and disbursements, and defendant discharged.